JJPETERS, J.
The plaintiff, Monté L. Demars, sought employment with the' Natchitoches Parish School Board (School Board) as a school bus driver for the 1995-96 school year, and when his application for employment was rejected, he brought this action against the School Board and the State of Louisiana Board of Secondary and Elementary Education (BESE), seeking a declaratory judgment, damages, and attorney’s fees. The trial court rendered judgment in favor of the defendants and Demars has appealed, asserting two assignments of error. For *787 the following reasons, we affirm the trial court’s judgment in all respects.
It is acknowledged by the litigants that Demars was not hired because he did not meet the twenty-one-year-old age requirement of La.R.S. 17:491. That statute reads as follows:
As used in this Subpart, the term, “school bus operator” means |?any employee of any city or parish school board whose duty it is to transport students in any city or parish school bus or activity bus to and from any school of suitable grade approved by the department of education or to and from any school related activity. Such employee shall be certified to have participated in any school bus drivers instructional program or in-service training provided by the department of education as provided for in La.R.S. 17: 497.2, shall have attained the age of twenty-one years, and shall be certified to have passed any physical examination required by the department. It shall be unlawful for anyone not certified as provided herein to transport school students to and from any such school.
Employees of parish and city school boards who drive buses to colleges or universities may, at the discretion of the employing school board, be exempted from the age requirements provided herein, but shall meet those age requirements provided in R.S. 17:160.
(Emphasis added.)
Demars, who became eighteen years of age on August 27, 1995, graduated from Lakeview High School in Natchitoches Parish in May of 1995. After graduation, he expressed his desire to obtain a school bus route to certain personnel in the School Board’s transportation division and was given some information concerning the requirements for such a position. Demars then completed a forty-hour school bus driver’s instructional program and obtained a commercial driver’s license from the Louisiana Department of Public Safety. Despite having completed the mandatory training program and obtaining a commercial license, Demars’ application was rejected by the School Board based on the age limitation provided in La.R.S. 17:491.
At the urging of a School Board member, the parish superintendent attempted to obtain a waiver of the age limitation from BESE, but this request was rejected. Demars then instituted this suit in which he asserts that La.R.S. 17:491 has been amended or repealed by La.R.S. 17:160, or is unconstitutional. After trial, the trial court found that La.R.S. 17:160 did not amend or repeal La.R.S. 17:491, that the two statutes were not in conflict, and that La.R.S. 17:491 was not unconstitutional. The 1 atrial court further found that because Demars stipulated his claim was in contract, there could be no award for tort damages.
Assignment of Error Number One
In his first assignment of error, Demars contends that the trial court erred in not finding that the enactment of La.R.S. 17:160, last amended by Acts 1989, No. 419, § 1, repealed La.R.S. 17:491, last amended by Acts 1981, No. 731, § 1. The amended version of La.R.S. 17:160 provides:
A. No person who is under eighteen years of age shall drive a school bus having therein children en route to or from school or a school function.
B. No person shall employ, hire, or allow any person under eighteen years of age to drive a school bus carrying children en route to or from school or a school function.
C. Whoever violates any provision of this Section shall be fined not less than twenty-five dollars nor more than five hundred dollars or imprisoned for not more than six months, or both.
Demars argues that the language of La. R.S. 17:160, which seems to permit a school board to hire a school bus driver at age eighteen, implicitly repeals the prohibition against hiring school bus drivers *788 under the age of twenty-one found in La. R.S. 17:491.
A law may be repealed by the enactment of a subsequent law. La.Civ. Code art. 8 provides:
Laws are repealed, either entirely or partially, by other laws.
A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
The repeal of a repealing law does not revive the first law.
It is well settled that repeals by implication are not favored, and such a “repeal by implication will be found only where there is an irreconcilable conflict between two' Lstatutes and where there exists no possible construction that could give both statutes effect.” Jordan v. Louisiana Gaming Control Bd., 98-1122, 98-1133, 98-1134, p. 9 (La.5/15/98); 712 So.2d 74, 81. As La.R.S. 17:160 does not expressly repeal La.R.S. 17:491, the question is whether there is an irreconcilable conflict between the two statutes. In its reasons for judgment, the trial court concluded that, despite a poor job of draftsmanship, the two statutes are not in conflict. It further stated:
R.S. 17:491 requires that a school bus driver must have completed instruction programs and in-service training as provided by the Department of Education, must be twenty-one (21) year of age, and must have passed a physical examination. In the second paragraph of said statute, referral is made to those employees who drive to colleges or universities, and which states that at the discretion of the local school board, they may be exempted from the twenty-one (21) year age requirement, but shall meet the age requirement of 17:160 (age 18). This Court determines that the sole purpose of 17:491 is to set out the requirements to be a school bus driver, including age.
R.S. 17:160 makes it illegal to em-plo[y], hire or allow a person under age eighteen (18) to drive a school bus carrying children, and sets penalties for violation of a fine up to five hundred dollars ($500.00) or six (6) months imprisonment, or both. That is the sole purpose of the statute.
Therefore, the two (2) statutes are not in conflict, but serve different purposes. It is extremely important to note that the language of 17:491 refers to 17:160 and allows exemptions from the twenty-one (21) year old age requirement for .college bus operators. If the statutes were in conflict, this would not be the case. Further, by having one statute expressly refer to the other, the legislature obviously intended them to be separate and distinct with differing purposes.
We further note that prior to the 1989 amendment, La.R.S. 17:160 contained the same prohibition concerning the hiring of eighteen-year-old school bus drivers as it does today. The amendment merely deleted the prior prohibition against hiring school bus drivers over the age of sixty-five. Considering the disfavor accorded implied repeals, the fact that no change was made with regard to prohibiting eighteen-year-olds from driving school buses, and the trial court’s sound reasoning, we cannot |Bfind error in its decision to find that La.R.S. 17:160 has not repealed the age requirement found in La.R.S. 17:491. Therefore, we find no merit in the first assignment of error.
Assignment of Error Number Two
Demars asserts that the age requirement in La.R.S. 17:491 is unconstitutional in that it violates the provision of La. Const, art. I § 3, which provides in pertinent part: “No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations.” (Emphasis added).
*789 Because the statute makes a classification on its face, there is a heightened burden on the proponent of the statute to show the classification is not arbitrary, capricious, or unreasonable because it substantially furthers an appropriate governmental interest. Manuel v. State, 95-2189 (La.3/8/96); 692 So.2d 320. None of the parties in this litigation dispute the fact that the government’s desire to protect the young passengers of school buses is an appropriate governmental interest. The question to be determined is whether prohibiting drivers between the ages of eighteen and twenty-one from being hired as school bus drivers is an arbitrary, capricious, or unreasonable means of enforcing that governmental interest.
Charles H. Miller, Jr., a statistician and traffic records coordinator for the Louisiana Highway Safety Commission, testified on behalf of the defendants concerning the fact that drivers between the ages of eighteen and twenty-one have a higher accident rate than drivers twenty-one and older. Additionally, Kenneth Dutile, the Natchitoches Parish Superintendent of Schools and Mack Wall, the parish supervisor of transportation, testified as to their concerns with discipline on the | (¡busses. The trial court summarized that testimony as follows:
At trial, defendants offered the testimony of Chuck Miller. Statistics were presented concerning the significantly higher accident rate of those persons ages eighteen (18) through twenty (20), in comparison to those aged twenty-one (21) and older. The only category of drivers with worse driving accident rate records than the eighteen (18) — -twenty (20) year olds as a percentage of the licensed driving population, is the fifteen (15) — seventeen (17) year old group, who not by accident, are excluded from operating school buses by R.S. 17:160. Further, statistics presented showed that the accident rate decreases substantially with each incremental increase in age classification. This evidence demonstrates the substantial relationship between age, driving experience, and highway safety.
In addition to highway safety statistics demonstrating the higher accident rate among drivers under the age of twenty-one (21), superintendent Dutile and transportation supervisor Wall both testified that they would be extremely concerned about an eighteen (18) year old’s ability to maintain discipline on school buses, given the limited experience of eighteen (18) year olds in operating vehicles of that size, holding positions of authority, and in dealing with younger and perhaps older individuals in situations in which the eighteen (18)-— twenty (20) year old driver would be required to enforce discipline and maintain control. The stipulation of the BESE Board members stated that the ability of eighteen (18) year olds to maintain discipline on school buses was one of the reasons for the decision to deny the Natchitoches Parish School Board’s request for waiver of age requirements for Monté Demars. These reasons substantially further an appropriate governmental interest, being the safety of children riding school buses. Therefore, this Court finds that the twenty-one (21) year age requirement for school buses[sic] drivers in the state of Louisiana is not age discriminatory and statutes establishing that requirement are constitutional under state law.
We further note that La.R.S. 17:491.1 provides in pertinent part:
A. Prior to any person becoming employed as a regular or substitute school bus operator for the first time, each city and parish school board shall examine the prospective employee’s driving record for the five year period immediately preceding the date of employment. Such record must be acceptable according to standards developed by the Department of Public Safety and Corrections and approved and promulgated as a rule by the board. The Department of *790 Public Safety and Corrections shall provide for the examination of driving records as provided in this Section. Any person whose driving record is found to be unacceptable shall not be employed as a school bus operator.
(Emphasis added.)
1 .¡While we recognize that the statistics used by Miller are based on the entire population of the state and not just those who are otherwise eligible to be school bus drivers, we also recognize that such statistics do not exist given the prohibition against eighteen-year-olds from even being eligible to drive a school bus. Additionally, the statistics do not conclude that all eighteen-year-old drivers are unsafe. However, it is a legitimate interest of the government to set standards of experience required of a school bus driver. By the very act of requiring a five year background driving record check of an applicant, the law eliminates eighteen-year-old drivers as they can have only two years experience, since a valid driver’s license cannot be obtained until someone reaches sixteen years of age. See La.R.S. 32:407.
Given the statistics and disciplinary concerns expressed to the trial court, as well as the statutory requirements concerning an applicant’s driving record, we do not find that the provisions of La.R.S. 17:491 are arbitrary and capricious. Nor do they unreasonably discriminate against a person on the basis of age. Therefore, we find no merit in the plaintiffs second assignment of error.
DISPOSITION
For the foregoing reasons the judgment of the trial court is affirmed. All costs associated with this appeal are taxed against the plaintiff, Monté L. Demars.
AFFIRMED.
GREMILLION, J., dissents and assigns written reasons.